

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
09/24/2014

| | |
|---|---|
| IN RE: § | |
| FILEMON P. PEREZ § | |
| § | |
| DEBTOR(S) § | CASE NO. 13-36124-H5-13 |
| § | |

### ORDER REGARDING DEBTOR'S MOTION FOR DETERMINATION OF POST PETITION MORTGAGE FEES, EXPENSES, AND CHARGES FILED BY J.P. MORGAN CHASE BANK, N.A.

Before the Court is the Debtor's Motion for Determination of Post-Petition Mortgage Fees, Expenses, and Charges Filed by JP Morgan Chase Bank, N.A. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 1334 and 157(b). This is a core proceeding.

### I. Facts

The debtor filed his Chapter 13 bankruptcy case on September 30, 2013. Debtor's primary residence is located at 15419 Day Trip Trail, Cypress, Texas. The parties stipulate that the value of the real property is $119,460.00.

On November 20, 2006, debtor executed a note in the original principal amount of $112,800.00. The note matures on December 1, 2036. The parties stipulate that J.P. Morgan Chase Bank, N.A. is the owner and holder of the note. On March 15, 2012, effective April 1, 2012, debtor executed a loan modification agreement in favor of Chase which provides that as of April 1, 2012, the amount payable under the note is $140,127.73.

The note is secured by a deed of trust executed by debtor and his spouse on November 22, 2006. The deed of trust grants a lien to secure the note against the "Property" described as the real property located at 15419 Day Trip Trail, Cypress, Texas 77429, together with all improvements, easements, appurtenances, and fixtures now or hereafter a part of the property and all replacements and additions. The deed of trust contains a rider that states that the note is given in renewal and extension of amounts left owing and unpaid upon a note in the original principal sum of $109,278.00 dated September 28, 2004, executed by debtor and his spouse. The deed of trust at paragraph 9 states:

> If . . . (b) there is a legal proceeding . . . such as a proceeding in bankruptcy . . . then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument, including protecting and/or assessing the value of the Property, and securing and/or repairing the Property. Lender's actions can include . . . (c) paying reasonable attorney's fees to protect its interest in the Property and/or rights under this Security Instrument,

including its secured position in a bankruptcy proceeding.

. . . .

Any amounts disbursed by Lender under this Section 9 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

On February 6, 2014, Chase filed a secured proof of claim in debtor's bankruptcy for $142,857.00, consisting of unpaid principal of $138,586.81, plus interest from May 1, 2013 to September 29, 2013, in the amount of $2,669.12, plus pre-petition fees, expenses, and charges in the amount of $3,716.07. On March 13, 2014, Chase filed a Notice of Post-Petition Mortgage Fees, Expenses and Charges seeking allowance of $300.00 for "Bankruptcy/Proof of claim fees" incurred on February 6, 2014, and $350.00 for "Attorney's Fees" incurred on February 7, 2014, for a total of $650.00 in post-petition, pre-confirmation attorney's fees. The parties stipulate that the amount of fees requested is reasonable and necessary.

On March 18, 2014, the Court confirmed debtor's amended plan. Debtor's amended plan provides for payment to Chase on its secured claim the amount of $119,460.00 at 0.00% interest at the rate of $1,153.32 per month for months 1 through 60 of the plan, plus $6,216.42 at 0.00% interest, pro-rata monthly for months 20 through 54 of the plan.

Debtor's amended plan further provides:

4. Secured Claim For Claim Secured Only by a Security Interest in Real Property that is the Debtor(s)' Principal Residence (Property to be Retained). For each such claim, utilize either A, B, or C, below:
A. The following table sets forth the treatment of certain classes of secured creditors holding a claim secured only by a security interest in real property that is the Debtor(s)' principal residence. The amount listed as the "Principal Amount of Claim for Arrearage" is the amount proposed by the Debtor(s) in this Plan. If the actual allowed claim is in a different amount, the amount paid pursuant to this Plan shall be the amount due on the actual amount of the allowed claim without the need of an amended plan. The amount listed as "Amount of Estimated Periodic Payment" will be adjusted to reflect the actual amount of the allowed claim without the need of an amended plan.

. . . .

Payment of the arrearage amounts shall constitute a cure of all defaults (existing as of the petition date) of the Debtor(s)' obligations to the holder of the secured claim. The Secured Claims held by secured creditors holding a claim secured only by a security interest in real property that is the Debtor(s)' residence (other than the arrearage claims set forth in the above table) will be paid in accordance with the pre-petition contract held by the holder of the secured claim.

## II. Contentions of the Parties

Chase contends that the loan documents provide for the fees it seeks and that it is a creditor whose claim is secured only by a security interest in debtor's principal residence and 11 U.S.C. § 1322(b)(2) prohibits modification of its rights under the loan documents. Debtor contends that Chase is the holder of an undersecured claim which, under 11

U.S.C. § 506(b), is not entitled to payment of fees incurred post petition and pre-confirmation.

### III. Conclusions of Law

In a chapter 13 case, holders of claims secured by a security interest in the debtor's principal residence that are provided for under Bankruptcy Code § 1322(b)(5) in the debtor's plan, must file and serve a notice itemizing all fees, expenses, or charges incurred post petition in connection with the claim that the holder asserts are recoverable against the debtor or against the debtor's principal residence. Fed. R. Bankr. P. Rule 3002.1(a) and (c). If the debtor or trustee objects to the fee notice, the court, after notice and a hearing, shall determine whether payment of any claimed fee, expense, or charge is required by the underlying agreement and applicable nonbankruptcy law to cure a default or maintain payments in accordance with § 1322(b)(5) of the Bankruptcy Code. Fed. R. Bankr. P. Rule 3002.1(e).

Bankruptcy Code § 506 provides, in part, as follows:

(a)(1) An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.
. . . .
(b) To the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement or State statute under which such claim arose.

11 U.S.C.§ 506(a)(1) and (b).

A chapter 13 plan may modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence. 11 U.S.C. § 1322(b)(2). Bankruptcy Code §1322(b)(2) prohibits a chapter 13 debtor from relying on §506(a) to reduce an undersecured homestead mortgage to the fair market value of the mortgaged residence. *Nobelman v. American Sav. Bank*, 508 U.S. 324, 325-26 (1993).

A chapter 13 plan may "provide for the curing of any default within a reasonable time and maintenance of payments while the case is pending on any unsecured claim or secured claim on which the last payment is due after the date on which the final payment under the plan is due." 11 U.S.C. § 1322(b)(5). Post-petition mortgage payment defaults may be cured in a chapter 13 plan. *In re Mendoza*, 111 F.3d 1264 (5th Cir. 1997). If the plan proposes to cure a default,

P:\Perez opin 8_4_14.wpd                  3

the amount necessary to cure the default is determined in accordance with the underlying agreement and applicable nonbankruptcy law notwithstanding 11 U.S.C. § 506(b). 11 U.S.C. § 1322(e). A mortgagee is entitled to recover its attorney's fees incurred post-petition where: (1) the language of the deed of trust provides for such fees, (2) there was a default under the loan documents, (3) a triggering event under the deed of trust has occurred, such as the filing of a chapter 13 case which may significantly affect the mortgagee's rights under the deed of trust, (4) the mortgagee incurred fees for acts that were reasonable or appropriate to preserve its rights under the deed of trust, and (5) the fees were reasonably and appropriately incurred to protect the mortgagee's rights under the deed of trust. *In re Velazquez*, 660 F.3d 893, 899-900 (5th Cir. 2011). If fees and costs are permitted under the underlying agreement and applicable nonbankruptcy law, then Bankruptcy Code § 1322(e) requires the debtor to include the fees and costs in the arrearage cure amount notwithstanding the mortgage creditor's undersecured status. *Deutsche Bank Nat. Trust Co. v. Tucker*, 621 F.3d 460 (6th Cir. 2010).

The Court finds that the fees and expenses sought meet the requirements stated in *In re Velazquez*, 660 F.3d 893, 899-900 (5th Cir. 2011). The Court concludes that the post-petition, pre-confirmation fees and expenses sought by Chase are part of the amount required to cure default under debtor's chapter 13 plan. The Court finds that payment of the claimed fees and other charges are required by the underlying loan documents and applicable nonbankruptcy law to cure a default or maintain payments in accordance with § 1322(b)(5).

Signed this 24th day of Sept, 2014 at Houston, Texas.

KAREN K. BROWN
UNITED STATES BANKRUPTCY JUDGE